IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA N. HARRELL, | No. 2:15-CV-1193-GEB-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| S.M. SALINAS, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court are the following motions: (1) petitioner's motion for sanctions (Doc. 16); (2) respondent's motion for an extension of time (Doc. 18); (3) petitioner's motions for extensions of time (Docs. 22 and 24); and (4) petitioner's motion for the appointment of counsel (Doc. 21).

On February 23, 2016, the court directed respondent to file a response to the amended petition within 60 days of the date of the order.  Respondent now seeks an extension of time to file a response to the amended petition.  Though respondent's motion was filed several days after expiration of the deadline set in the February 23, 2016, order, counsel's declaration indicates that the deadline was missed due to a calendaring error and not due to any bad faith on

1  counsel's part.  Good cause appearing therefor, respondent's motion will be granted and the
2  motion to dismiss filed on May 6, 2016, will be deemed timely.
3       In his motion for sanctions, petitioner seeks an order imposing sanctions on
4  respondent for failing to file a response to the petition by the deadline et in the February 23,
5  2016, order.  Because a response to the petition has now been filed, and because the court does
6  not find any evidence of bad faith in respondent's late filing, petitioner's motion for sanctions
7  will be denied.
8       In his motions for extensions of time, petitioner seeks additional time to file an
9  opposition to respondent's May 6, 2016, motion to dismiss.  Good cause appearing therefor,
10 petitioner's motion will be granted.
11      Finally, petitioner seeks the appointment of counsel.  There currently exists no
12 absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d
13 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at
14 any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing
15 § 2254 Cases.  In the present case, the court does not find that the interests of justice would be
16 served by the appointment of counsel.  Further requests for the appointment of counsel will not
17 be considered.
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion for an extension of time (Doc. 18) is granted;
2. The motion to dismiss filed on May 6, 2016, is deemed timely;
3. Petitioner's motion for sanctions (Doc. 16) is denied;
4. Petitioner's motion for the appointment of counsel (Doc. 21) is denied;
5. Petitioner's motions for extensions of time (Docs. 22 and 24) are granted; and
6. Petitioner may file an opposition to respondent's motion to dismiss within 30 days of the date of this order.

DATED: July 7, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE