1

2

3

4

5      **IN THE UNITED STATES DISTRICT COURT**

6      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8    JOSHUA N. HARRELL,                    No. 2:15-CV-1193-GEB-CMK-P

9              Petitioner,

10       vs.                              FINDINGS AND RECOMMENDATIONS

11   S.M. SALINAS,

12             Respondent.

13   _____/

14            Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

15   habeas corpus pursuant to 28 U.S.C. § 2254.   Pending before the court is respondent's motion to

16   dismiss (Doc. 19).

17            Petitioner was convicted on May 12, 2015, of second degree burglary, possession

18   of a check with intent to defraud, and receipt of stolen property.   According to respondent, the

19   instant petition is premature because petitioner has not completed the process of exhausting state

20   court remedies.   Specifically, petitioner's direct appeal is still pending before the California

21   Court of Appeal in case no. A145661.[1]

22            Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required

23   before claims can be granted by the federal court in a habeas corpus case.   See Rose v. Lundy,

24   455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v.

25   _____

26   [1]        The court may take judicial notice pursuant to Federal Rule of Evidence 201 of
     matters of public record.   See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).

1   Pliler, 336 F.3d 839 (9th Cir. 2003).  Claims may be denied on the merits notwithstanding lack of

2   exhaustion.  See 28 U.S.C. § 2254(b)(2).  "A petitioner may satisfy the exhaustion requirement

3   in two ways:  (1) by providing the highest state court with an opportunity to rule on the merits of

4   the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal

5   court no state remedies are available to the petitioner and the petitioner has not deliberately

6   by-passed the state remedies."  Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations

7   omitted).  The exhaustion doctrine is based on a policy of federal and state comity, designed to

8   give state courts the initial opportunity to correct alleged constitutional deprivations.  See Picard

9   v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

10          Here, petitioner's direct appeal is still pending.  Thus, petitioner has not yet

11   presented his claims to the highest state court and the instant federal petition is unexhausted and

12   should be dismissed without prejudice.

13          Based on the foregoing, the undersigned recommends that respondent's motion to

14   dismiss (Doc. 19) be granted.

15          These findings and recommendations are submitted to the United States District

16   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

17   after being served with these findings and recommendations, any party may file written

18   objections with the court.  Responses to objections shall be filed within 14 days after service of

19   objections.  Failure to file objections within the specified time may waive the right to appeal.

20   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21

22   DATED:  October 17, 2016

23

24   **CRAIG M. KELLISON**
     UNITED STATES MAGISTRATE JUDGE

25

26